UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>RAGHVENDRA SINGH,<br><br>Respondent. | No. 2:15-cv-287-TLN-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This matter[1] was before the court on May 20, 2015, for hearing on the court's order directing respondent Singh to show cause why he should not be compelled to comply with an Internal Revenue Service ("IRS") tax summons. ECF No. 9. Also before the court for hearing was Singh's motions to discharge the court's order to show cause and to quash the tax summons, (ECF Nos. 11, 19), Singh's three "motions to stay" (ECF Nos. 7, 10, 22), and Singh's "Request to Review Collection Due Process Hearing"[2] (ECF No. 12), and Singh's numerous motions for sanctions (ECF Nos. 7, 10, 12, 19, 22), as well as the government's motion to dismiss Singh's

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(9). *See* 28 U.S.C. § 636(b)(1).

[2] Singh's motions to stay and a "Request to Review Collection Due Process Hearing," ECF No. 12, all seeking to enjoin the IRS's collection efforts based on plaintiff's contention that the IRS unlawfully assessed his taxes.

1

counterclaim (ECF No. 20).[3]  Trial Attorney Nithya Senra of the Tax Division of the United States Department of Justice appeared on behalf of the government; respondent Singh appeared pro se.  For the following reasons Singh's motions for sanctions are denied.  Further, it is recommended that Singh's various motions to stay, to discharge the order to show cause and to quash the IRS summons,[4] and to review "Collection Due Process" be denied.  It is also recommended that Singh be ordered to comply with the IRS tax summons and that the government's motion to dismiss Singh's counterclaim be granted.

I.    Background

On February 4, 2015, the United States filed a petition to enforce an IRS summons.  ECF No. 1.  According to the petition, Revenue Agent David Palmer is assigned to collect the assessed federal income tax (Form 1040) liabilities for Mr. Raghvendra Singh and Ms. Rawat[5] for tax years 2008, 2009, and 2010.  *Id*. ¶ 4.  On December 2, 2014, Agent Palmer issued an Internal Revenue Service summons directing Singh to appear before the agent on January 8, 2015, to give testimony and produce for examination books, papers, records or other data.  *Id*. ¶ 5.  This information was sought because it is relevant to the collection of Singh and Rawat's assessed income tax liabilities.  *Id*. ¶ 8.  Singh was personally served a copy of the summons on December 4, 2014.  *Id*. ¶ 6.  Although he attended the summons hearing, he refused to provide any information or testimony.  *Id*. ¶ 11.

Following the government's application for an order to show cause, Singh was ordered to appear before the court on May 20, 2015, to show cause why he should not be ordered to comply with the summons.  ECF No. 9.  On April 16, 2015, the government filed a proof of service,

---

[3]  Singh has also filed a motion to proceed *in forma pauperis*.  ECF No. 6.  This action was initiated by the government, not Singh.  Therefore, Singh was not required to pay filing fees and the request to proceed *in forma pauperis* is denied as unnecessary.

[4]  The court construes Singh's motion to discharge the order to show cause, ECF No. 11, and motion to quash the tax summons, ECF No. 19, as his opposition to enforcement of the summons.

[5]  Although not entirely clear from the petition, Ms. Rawat appears to be respondent's spouse.

indicating that on March 31, 2015, Singh was properly served with a copy of the order to show cause and the petition and its exhibits. ECF No. 17.

II.     Motions for Sanctions

In his many pleadings, Singh requests that sanctions be imposed on the IRS for engaging in what he characterizes as illegal conduct, including allegedly misleading this court. *See* ECF Nos. 7, 10, 11, 12, 22. He asserts in conclusory fashion that the assessed taxes are unlawful and that it is misleading for the government to contend otherwise. But Singh provides no evidence in support of his contention that the government has engaged in any unlawful or deceptive conduct. He simply quarrels with the government's interpretation of the tax laws. Accordingly, his motions for sanctions are denied.

III.    Enforcement of IRS Petition

26 U.S.C. § 7602(a) authorizes the IRS to issue summons for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability." 26 U.S.C. § 7602(a). The IRS is authorized to take the taxpayer's testimony and "examine any books, papers, record, or other data which may be relevant or material to such inquiry." *Id*.

To enforce a summons, the IRS must establish a prima facie case that (1) there is a legitimate purpose for the investigation; (2) that the material sought in the summons is relevant to that purpose; (3) that the material sought is not already within the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been taken. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The burden of establishing a prima facie case is "a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993). Once the government has satisfied its burden, the tax payer then has the heavy burden of showing that there was an abuse of process or lack of institutional good faith. *Id*. "Enforcement of a summons is generally a summary proceeding to which the taxpayer has few defenses." *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992). "The taxpayer must allege specific facts and evidence to

1  support his allegations of bad faith or improper purpose." *Crystal v. United States*, 172 F.3d

2  1141, 144 (9th Cir. 1999).

3        Here, the declaration of David Palmer, the investigating agent, establishes that the

4  summons served on Singh is relevant to the collection of Mr. Singh and Ms. Rawat's assessed

5  federal income tax liabilities for the tax years 2008, 2009, and 2010. The information sought

6  concerns the sources of income and various assets from which the IRS can collect unpaid tax

7  liabilities. ECF No. 1-2 ¶ 6. Mr. Palmer further declares that the testimony and documents

8  sought are not already in the possession of the IRS, and that all administrative steps have been

9  followed. *Id.* ¶¶ 10, 11. Accordingly, the government has made a prime facie showing for

10  enforcement of the summons as required by *Powell*.

11        Singh requests that the court discharge the order to show cause[6] and quash the IRS

12  summons. ECF Nos. 11, 19. He repeats his conclusory argument that the IRS has not, and can

13  never, establish a prime facie case for enforcement of the summons and that the "IRS is acting in

14  bad faith," and has committed "frauds, threats, misrepresentations, conspiracy and several other

15  illegal acts." ECF No. 11 at 2. Singh further argues that the "IRS issued the summons to get the

16  information about others for the collection in this case. Others have nothing to do with the

17  collection in this case."[7] ECF No. 19 at 1. Singh, however, fails to provide any evidence in

---

19  [6] Singh's motion to discharge argues that he has a right to examine IRS officials. ECF
20  No. 11 at 1, 3, 4. In an action relating to enforcement of an IRS summons, courts may "allow limited discovery only if the taxpayer can make a substantial preliminary showing of abuse or wrongdoing." *United States v. Stuckey*, 646 F.2d 1369, 1374 (9th Cir. 1981). Singh fails to make
21  such a showing and he is not entitled to examine IRS officials.

23  [7] Singh also appears to argue that the summons should not be enforced pursuant to 26 U.S.C. § 6331(i). ECF No. 19 at 2. That section provides that, subject to a number of exceptions,
24  "[n]o levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of any proceeding brought by such
25  person in a proper Federal trial court for the recovery of any portion of such divisible tax which was paid by such person." 26 U.S.C. § 6331(i)(1). That section, however, concerns collection by
26  levy in refund suits, and Singh has not established that a refund suit is currently pending. *See Unico Services, Inc. v. United States*, 71 Fed. Cl. 464, 467-68 (2006) (observing that section
27  6331(i)(1) "requires the IRS to withhold collection by levy of liabilities that are the subject of a *refund suit* during the pendency of the litigation.") (emphasis added). Thus, it does not appear
28  that section 6331 has any application to the instant dispute.

support of his conclusory allegations and has not satisfied his heavy burden of showing that there was an abuse of process or lack of good institutional good faith.

IV.     Motion to Dismiss Respondent's Counterclaim

Singh filed a document entitled "Cross-Complaint," which the court construes as a counterclaim against the government.  ECF No. 5.  The government moves to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.  The government argues that the claims asserted in the counterclaim are barred by the Anti-Injunction Act and the doctrine of *res judicata*.  ECF No. 20-1.  As explained below, the government's motion must be granted.

A.      Rule 12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).  The court will "presume that general allegations embrace those specific facts that are

5

necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### B. Counterclaim's Factual Allegations

Singh's counterclaim alleges that the IRS forced him to pay an arbitrary amount of taxes for the tax years 1998 through 2002 "with the threat of criminal and civil prosecution." ECF No. 5 at 1. He claims that the IRS retaliated against him by auditing his tax returns for the 2008 through 2010 tax years. *Id*. He alleges that after the audit, the "IRS denied all the business expenses for these tax returns and assessed taxes considering the purchase price of a foreclosed property" located in Elk Grove, California. *Id*. He claims that the IRS illegally collected taxes at a higher and arbitrary amount for the years 1998 through 2001 and 2008 through 2010. *Id*. at 2. He further claims that he never received a notice of deficiency for the assessed taxes. *Id*.

### C. *Res Judicata*

The government argues, among other things, that respondent's counterclaim are barred by *res judicata.* ECF No. 20-1 at 4. Singh litigated a previous action in this court alleging that the IRS "coerced [him] to pay [an] arbitrary amount of taxes . . . with the threat of criminal and civil prosecution." *Singh v. United States*, 2:13-cv-780-TLN-EFB, ECF No. 36 ¶ 2. He alleged that

the IRS forged documents to prove a case of fraud. *Id*. He also alleged that the IRS denied all business expenses and assessed taxes on the purchase price of a foreclosed property in Elk Grove, California. *Id*. Singh also claimed that he immediately appealed the IRS's decision which, according to him, was not recognized, and that, in retaliation of his appeal, the IRS allegedly collected taxes at a "much higher and arbitrary amount" for his employee taxes from 1998 to 2001, as well as for the years 2008-2010. *Id*. According to the complaint, the IRS falsely claimed that it sent him a deficiency notice stating that he did not timely appeal his tax assessment to the tax court. *Id*. However, he alleged that he never received such notice. *Id*. at 2. He further claimed that the failure to provide him with proper notice denied him "Legal Procedures" and that the IRS did not follow the "Legal Procedures." *Id*. at ¶ 3. The government's motion to dismiss that action was granted, *see Singh v. United States*, 2:13-cv-780-TLN-EFB, ECF Nos. 73, 84, and judgment was entered in favor of the government on March 31, 2015.

Under the doctrine of *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (superseded by statute on other grounds) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). *Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940); 1B James W. Moore, et al., *Moore's Federal Practice* ¶ 0.405[1] (2d ed. 1974). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002)).

Singh's allegations in his counterclaim are virtually indistinguishable from those alleged in his previously-dismissed action. Further, both cases involve the same parties. As the claims Singh raises in his counterclaim were already adjudicated in his prior case, his counterclaim is barred by the doctrine of *res judicata*.

V. <u>Motions to Stay</u>

Singh has also filed three "motions to stay," ECF No. 7, 10, 22, and a "Request to Review Collection Due Process," ECF No. 12. He does actually seek a stay of this action, but instead seeks a stay of the IRS' collection efforts in light of his contention that the taxes are illegal due to him not receiving proper notice.

Again, the issues raised in these motions have already been adjudicated in Singh's prior action, and he is barred from relitigating them here. Accordingly, Singh's motions to stay and review collection must be denied.

VI. <u>Conclusion</u>

Accordingly, it is hereby ORDERED that:

1. Singh's motion to proceed *in forma pauperis*, ECF No. 6, is denied as unnecessary; and

2. Singh's motions for sanctions, ECF Nos. 7, 10, 11, 12, 22, are denied.

Further, it is hereby RECOMMENDED that:

1. The IRS summons served upon respondent Raghvendra Singh be enforced;

2. Singh be ordered to appear at the United States Attorney's offices at 501 I Street, Floor 10, Sacramento, California, before Revenue Agent David Palmer, or his designated representative, on July 1, 2015, at 10:00 a.m.;

3. Singh be ordered to give testimony on that date and time, and to produce for examination and copying the books, checks, records, papers and other data demanded by the summons;

4. Singh's motion to discharge the court's order to show cause and quash the summons, ECF Nos. 11, 19, be denied;

5. The government's motion to dismiss Singh's counterclaim, ECF No. 20, be granted, and Singh's counterclaim be dismissed without leave to amend;

6. Singh's motions to stay, ECF Nos. 7, 10, 22, be denied; and

/////

/////

7. Singh's motion to review collection due process, ECF No. 12, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 26, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9