UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cv-287-TLN-EFB PS |
| Petitioner, | |
| v. | ORDER |
| RAGHVENDRA SINGH, | |
| Respondent. | |

On May 26, 2015, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. Respondent filed objections on June 4, 2015, Petitioner filed a response thereto on June 11, 2015 and respondent filed a reply on June 25, 2015. Those filings were considered by the undersigned.

This Court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

On May 22, 2015, Respondent Singh filed a document entitled "Request to Rescue [sic] Hon. Judges Brennan and Nunley and Other Requests." ECF No. 27. Therein, Singh requests recusal of the undersigned and the assigned magistrate judge based on his contention that the "ACLU and other Watchdogs observed and predicted . . . [that] Judge Brennan will NEVER rule against IRS; and Judge Nunley will NEVER rule in favor of defendant." Id. at 1.

28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C § 455(a). He shall also disqualify himself when he has "a personal bias or prejudice concerning a party . . . ." Id. § 455(b)(1). The standard for determining whether impartiality might be reasonably questioned is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned." United States v. Holland, 519 F.2d 909, 913 (9th Cir. 2008).

Singh's conclusory statement fails to demonstrate that recusal is appropriate. Accordingly, his request is denied.

Accordingly, IT IS ORDERED that:

1. The proposed findings and recommendations filed May 26, 2015, are ADOPTED;

2. The IRS summons served upon respondent Raghvendra Singh is enforced;

3. Singh is ordered to appear at the United States Attorney's offices at 501 I Street, Floor 10, Sacramento, California, before Revenue Agent David Palmer, or his designated representative, on August 12, 2015, at 1:00 p.m.;[1]

4. Singh is ordered to give testimony on that date and time, and to produce for examination and copying the books, checks, records, papers and other data demanded by the summons;

5. Singh's motion to discharge the Court's order to show cause and quash the summons, ECF Nos. 11, 19, is denied;

---

[1] The findings and recommendations recommended that Singh appear before Agent Palmer on July 1, 2015. In light of the timing of this order, Singh is now ordered to appear on August 12, 2015.

6. The government's motion to dismiss Singh's counterclaim, ECF No. 20, is granted, and Singh's counterclaim is dismissed without leave to amend;

7. Singh's motions to stay, ECF Nos. 7, 10, 22, are denied;

8. Singh's motion to review collection due process, ECF No. 12, is denied; and

9. Singh's request for recusal, ECF No. 26, is denied.

Dated: July 20, 2015

Troy L. Nunley
United States District Judge