1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:15-cv-287-TLN-EFB PS

12                      Petitioner,

13          v.                              ORDER, FINDINGS AND CERTIFICATION
                                            RE: CIVIL CONTEMPT
14   RAGHVENDRA SINGH,

15                      Respondent.

16

17          This case was before the court on March 16, 2016, for hearing on the court's order

18   directing respondent Singh to show cause why he should not be found in contempt for failure to

19   comply with the court's July 21, 2015 order.[1]  ECF No. 39.  Also before the court for hearing was

20   Singh's request for issuance of an order directing the Internal Revenue Service ("IRS") to show

21   cause why the agency and its counsel should not be held in contempt.  ECF No. 41.  Trial

22   Attorney Nithya Senra of the Tax Division of the United States Department of Justice appeared

23   on behalf of the government; respondent Singh appeared pro se.

24          For the following reasons, Singh's request for issuance of an order to show cause is

25   denied.  Further, the court finds that Singh has willfully violated the court's July 21, 2015 order

26   and he continues to refuse compliance.  Accordingly, as discussed below, the court finds that

27

28          [1]  This case is before the undersigned pursuant to Eastern District of California Local Rule
     302(c)(9).  *See* 28 U.S.C. § 636(b)(1).

                                                 1

1  Singh is in civil contempt and that alternatives other than incarceration will not achieve

2  compliance with the court's order.

3  I.      Background

4         On February 4, 2015, the United States filed a petition to enforce an IRS summons.  ECF

5  No. 1.  According to the petition, Revenue Agent David Palmer has been assigned to collect the

6  assessed federal income tax (Form 1040) liabilities for Mr. Raghvendra Singh and Ms. Rawat for

7  tax years 2008, 2009, and 2010.  *Id.* ¶ 4.  Agent Palmer issued an Internal Revenue Service

8  summons directing Singh to appear before the agent on January 8, 2015, to give testimony and

9  produce for examination books, papers, records or other data relevant to Singh and Rawat's

10 assessed tax liabilities.  *Id.* ¶¶ 5, 8.  Singh appeared before Agent Palmer on that date but refused

11 to produce any document or provide testimony.  *Id.* ¶ 11.

12        Following the government's application for an order to show cause, Singh was ordered to

13 appear before the court to show cause why he should not be ordered to comply with the

14 summons.  ECF No. 9.  In response to the IRS's petition for enforcement and the court's order to

15 show cause, Singh filed a counterclaim against the IRS (ECF No. 5), multiple motions requesting

16 the court stay the IRS's debt collection efforts (ECF Nos. 7, 10, 22), a motion to discharge the

17 court's order to show cause (ECF No. 11), a motion to quash the IRS summons (ECF No. 19),

18 and several requests that sanctions be imposed against the IRS (ECF Nos. 7, 10, 11, 12, 22).

19 Singh appeared before the court on May 20, 2015, but failed to provide any reasonable

20 justification for his failure to comply with the summons.

21        Accordingly, on July 21, 2015, the court enforced the IRS summons and ordered Singh to

22 appear before Agent Palmer on August 12, 2015, at the United States Attorney's office in

23 Sacramento.  ECF No. 32.  Singh was also ordered to give testimony on that date, and to produce

24 for examination and copying the books, checks, records, papers and other data demanded by the

25 summons.  *Id.* at 2.  That order also dismissed Singh's counterclaim and denied his various

26 motions.  *Id.*

27 /////

28 /////

Singh appeared before Agent Palmer on August 12, 2015, but again failed to produce any document or provide any meaningful testimony.[2]  Declaration of David Palmer ISO Req. for Order to Show Cause ("Palmer Decl."), ECF No. 38-2 ¶¶ 6-12, 14.  Also on that date Singh filed a notice of appeal, seeking review of the court's July 21, 2015 order.  ECF No. 33.  However, Singh failed to pay the required filing fees, and consequently the U.S. Court of Appeals for the Ninth Circuit dismissed his appeal on December 15, 2015.  ECF No. 37.  The following month, the government filed an application for an order directing Singh to appear before the court to show cause why he should not be held in contempt for failure to comply with the court's July 21, 2015 order.  ECF No. 38.  The court granted the application and directed Singh to appear on March 16, 2016.  ECF No. 39.

Prior to the hearing, Singh filed an opposition to the government's motion for an order to show cause (ECF No. 40, 43), as well as a motion for an order directing the IRS to show cause why it should not be held in civil contempt (ECF No. 41).

II.     Singh's Application for an Order to Show Cause

Singh's request that the IRS and its counsel be ordered to show cause why they should not be held in contempt (ECF No. 41) is unintelligible.  The motion is replete with hyperbole but essentially argues that the IRS has interfered with court orders regarding child support payments and "employees' Tax."  *Id*. at 41 at 1-2.  Singh also claims that the IRS is abusing the processes of the court, defrauding the courts, and "wants to take Singh's freedom forever."  *Id*.

Singh's motion, however, fails to demonstrate that IRS has failed in any way to comply with any court order or has engaged in other conduct warranting contempt proceedings.  Accordingly, Singh's request is denied.

III.    Order to Show Cause

Singh has been ordered to show cause why he should not be found in contempt for failure to comply with the court's July 21, 2015 order.  Although Sing appeared as ordered, he simply

---

[2]  Singh provided verbal responses to Agent Palmer's questions, but his answers were consistently evasive.  For example, Palmer asked: "What entities are you writing checks on behalf of?  What are the banks and accounts?"  ECF No. 38-2.  Singh's response was: "Even if I give you the information or not it is going to waste your time."  *Id*.

1    attempted to reargue the merits of the underlying order.  He has failed to show any justification

2    for his willful disobedience of that order.  Therefore, it is recommended that he be found in

3    contempt and subjected to the sanction of incarceration to compel his compliance.

4         A.    Legal Standards

5         "A court has the inherent power to punish for civil or criminal contempt any obstruction

6    of justice relating to any judicial proceedings." *Lambert v. Montana*, 545 F.2d 87, 88 (9th Cir.

7    1976).  Civil contempt "consists of a party's disobedience to a specific and definite court order by

8    failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n,*

9    *Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  A sanction for civil contempt is intended to

10   coerce the party in contempt to comply with the court's order in the future, with the sanction

11   conditioned on continued noncompliance.  *Richmark Corp. v. Timber Falling Consultants*, 959

12   F.2d 1468, 1481 (9th Cir. 1992).  Thus, a party imprisoned for contempt "carries the keys of his

13   prison in his own pocket because civil contempt is intended to be remedial by coercing the

14   defendant to do what he had refused to do." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th

15   Cir. 2005).

16        "The moving party has the burden of showing by clear and convincing evidence that the

17   contemnors violated a specific and definite order of the court." *Federal Trade Comm'n v.*

18   *Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).  To establish that civil contempt is

19   appropriate, the government must demonstrate "(1) that [Singh] violated the court order, (2)

20   beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the

21   order, (4) by clear and convincing evidence." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir.

22   2010).  Once the government makes this showing, the burden shifts to Singh to demonstrate that

23   he "took all reasonable steps within his power to insure compliance with" the court's order.  *Hook*

24   *v. Arizona Dept. of Corrections*, 107 F.3d 1397, 1403 (9th Cir. 1997).

25        "The choice among the various sanctions rests within the discretion of the district court,"

26   *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1364, 1369 (9th Cir. 1980), and the

27   Ninth Circuit "defer[s] considerably to the judgment of the district court in fashioning the

28   appropriate sentence because of its proximity to the events out of which contempt springs."

4

1    *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980).  However, a "district court should

2    apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win

3    compliance with its orders."  *Id.*

4          Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), where a party's conduct "constitutes a civil

5    contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or

6    cause to be served, upon any person whose behavior is brought into question under this

7    paragraph, an order requiring such person to appear before a district judge upon a day certain to

8    show cause why that person should not be adjudged in contempt by reason of the facts so

9    certified."  At the hearing, "[t]he district judge shall thereupon hear the evidence as to the act or

10   conduct complained of and, if it is such as to warrant punishment, punish such person in the same

11   manner and to the same extent as for a contempt committed before the district judge."  *Id.*

12         B.    Discussion

13         The court finds that Singh willfully disobeyed the court's July 21, 2015 order.  The terms

14   of that order were clear and definite.  It specifically provided that the IRS summons served on

15   Singh is enforced, and that Singh was to appear before Revenue Agent David Palmer on August

16   12, 2015, to "give testimony . . . , and to produce for examination and copying the books, checks,

17   records, papers and other data demanded by the summons."  ECF No. 32.  The summons clearly

18   identifies all documents that Singh was to produce for examination.  ECF No. 1-2 at 7.  The

19   summons describes the scope of the information sought, both temporally and by topic.  It also sets

20   forth the specific examples of the documents which must be produced.[3]

21         ───────────────────

22         [3] The summons states:  "This Summons requires production of records related to
     RAGHVENDRA SINGH and KIRAN RAWAT and all trusts and business entit[i]es which

23   RAGHVENDRA SINGH and KIRAN RAWAT are involved with in any form, including but not
     limited to all bank statements; Copies of all rental agreements; List of all renters and contact

24   information including the amount of rent they pay; List of all occupants of properties owned;
     Copies of all trust documents, bank statements for all trusts, copies of tax returns filed for all

25   trusts; list of all real property including property address, equity, lender contact information, List
     of all creditors and debtors including the amount owed, last payment made and copies of

26   statements to/from creditors and debtors.
           All documents and records you possess or control regarding assets, liabilities, or accounts

27   held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially
     owns, or in which the taxpayer has a security interest. These records and documents include but

28   are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks,

1    There is no dispute that Singh received the court's order directing him to comply with the

2    summons as he appeared before Agent Palmer on August 12, 2015.  Declaration of David Palmer

3    ("Palmer Decl.") ¶ 6.  Despite the court's order to provide testimony and produce documents,

4    Singh refused to provide meaningful answers to Mr. Palmer's questions and failed to provide a

5    single document responsive to the summons.  *Id.* ¶¶ 8-12, 14.

6    Singh asserts several reasons for why he did not comply with the court's order.  First, he

7    advances several arguments challenging the reasoning of the underlying order.  ECF No. 40 at 1.

8    He claims that the taxes the IRS seeks to collect are illegal and cannot be collected and essentially

9    attempts to relitigate the basis for the July 21, 2015 order.[4]  *Id.* at 1-2.  However, disagreement

10   with or rearguing the merits of the underlying order is not a justification for disobeying the order.

11   The contempt proceeding is not an opportunity to revisit the factual and legal basis underlying the

12   court's July 21, 2015 order.  *See United States v. Rylander*, 460 U.S. 752, 756 (1983) ("It would

13   be a disservice to the law if we were to depart from the long-standing rule that a contempt

14   proceeding does not open to reconsideration the legal or factual basis of the order alleged to have

15   been disobeyed and thus become a retrial of the original controversy.") (quoting *Maggio v. Zeitz*,

16   333 U.S. 56, 69 (1948)).  Accordingly, respondent's challenges to July 21 order must be rejected.

17   Singh also argues that he did not comply with the court's order because he "was and is

18   unable to provide any record."  ECF No. 40 at 2.  Respondent states that he "lost the records in

19   the fires, thefts and seizes particularly in the year of 2015."  *Id.* at 3.  Singh reiterated these

20   contentions at the hearing.  "Because a proceeding to enforce an IRS summons is an adversary

21   proceeding in which the defendant may contest the summons 'on any appropriate ground,' and

22   because lack of possession or control of records is surely such a ground, the issue may not be

23   raised for the first time in a contempt proceeding."  *Rylander*, 460 U.S. at 757 (citations omitted).

24   /////

25

26   records or certificates of deposit for the period … of January 1st, 2013 to date of compliance with
     the Summons."  *Id.*

27

28   [4] Singh sought review of that order in the Ninth Circuit and his appeal was dismissed.
     ECF No. 37.

1    "While the court is bound by the enforcement order, it will not be blind to evidence that

2    compliance is now factually impossible.  Where compliance is impossible, neither the moving

3    party nor the court has any reason to proceed with the civil contempt action.  It is settled,

4    however, that in raising this defense, the defendant has a burden of production."  *Id*.

5         Singh has not met his burden.  He has failed to produce any persuasive evidence

6    demonstrating that compliance with the court's order is factually impossible.  He has ever

7    evolving and contradictory explanations.  In his two declarations, Singh states that he "does not

8    and is not allowed to have the records" (ECF No. 40 at 8) and yet also represents in other filings

9    and at the hearing that all of his records were stolen or burned in a fire.  He presented at the

10   hearing what purports to be some record of a fire but submits no evidence that all copies that he

11   either possesses or controls of the bank statements, rental agreements, lists of all renters,

12   contracts, trust documents, tax returns, etc., were destroyed in this fire.  Indeed, that

13   representation is contradicted by his statement to the court in a document he filed the evening

14   before the hearing.  In his "Second Reply to Order to Show Cause" he states "***If District Court***

15   ***finds that Singh has some documents and Singh should provide such documents to IRS, Singh***

16   ***will provide such documents to IRS.***"  ECF No. 45 at 2 (emphasis in original).  Yet, to date

17   Singh has not produced a single document responsive to the IRS summons, nor has be provided

18   the required testimony.  ECF No. 38-2 at 6.  Instead, he continues to insist that he "was and is

19   unable to provide any records." ECF No. 40 at 8.  These vague and general statements are

20   insufficient to demonstrate that compliance with the court's order is factually impossible.

21        Furthermore, even if the court were to find Singh's contentions credible (which they are

22   not), the destruction of some documents would not excuse his noncompliance with the summons.

23   The tax summons requires Singh to produce, among other things, records regarding assets

24   liabilities and accounts, including all bank statements, checkbooks, canceled checks, savings

25   accounts, and records related to all trusts and business entities.  Singh has not shown that he lacks

26   the ability to obtain documents from any financial entity with which he holds accounts.  Nor is he

27   incapable of identifying those entities or providing lists of all renters and the amounts of rent they

28   pay.

1    Singh also argues that "disclosure of the records is privileged."  ECF No. 40.  Singh does

2    not invoke any particular privilege, nor explain why he believes all his documents are privileged.

3    This conclusory argument does not justify his disregard of the court's order.

4    Singh also contends that he has no money for the IRS to collect and that he needs money

5    for child support payments and medical expenses.  ECF No. 40 at 2, 8.  Singh's claims of

6    insolvency are simply not responsive.  The court did not order respondent to pay any sum of

7    money.  Instead, Singh was ordered to appear before Agent Palmer to answer questions and

8    produce documents.  Allegations of insolvency do not provide justification for refusing to provide

9    the information and records he was ordered to produce.

10   Lastly, Singh contends that he "seeks bankruptcy protection."  ECF No. 40 at 2.  Singh

11   has filed nothing with the court to show that he has filed a bankruptcy petition.  In fact,

12   examination of the Bankruptcy Court's docket reveals that in December 2011, the United States

13   Bankruptcy Court for the Eastern District of California issued a pre-filing order barring Singh

14   from filing any further bankruptcy cases for a period of eight years unless prior authorization is

15   obtained from the Chief Bankruptcy Judge.  *In re Singh*, No. 10-28544-E-13L, ECF No. 182.  In

16   February 2016, Singh moved to set aside that pre-filing order, but to date that order remains in

17   place.  *Id*. at ECF No. 209.[5]  Accordingly, it does not appear that Singh recently filed a

18   bankruptcy petition.  Thus, the conclusory statement that he seeks bankruptcy protection does not

19   excuse his lack of compliance with the court's order.

20   Based on the foregoing, the court finds by clear and convincing evidence that Singh,

21   without legal justification, is willfully refusing to comply with the court's July 21, 2015 order,

22   and is in civil contempt of that order.  The court further finds that imposition of monetary

23   sanctions will not achieve Singh's compliance.  Singh has repeatedly refused to cooperate with

24   the IRS in its attempt to collect delinquent taxes.  The very purpose of this proceeding is to

25

26   [5] That motion was heard by the bankruptcy court on February 17, 2016.  *In re Singh*, No.
10-28544-E-13L, ECF No. 216.  Although a formal order has not issued, the civil minutes

27   indicate that Singh's motion will be denied.  *Id*. ("After oral argument the court determined that
the Motion is denied.  The court will issue a written Memorandum Opinion and Decision, and a

28   separate order thereon.").

1    compel disclosure of assets that could satisfy, at least in part, Singh's tax debt.  Despite the past

2    accrual of interest and penalties, Singh has obstinately refused to cooperate in the disclosure of

3    his finances and assets.  Simply entering an order adding to the amount of his indebtedness

4    provides no realistic prospect that he will then comply with the order to disclose his assets.  While

5    daily fines increasing his indebtedness to the government might well increase the incentive to

6    continue refusing to provide that information, it strains credulity that he would be motivated to

7    suddenly cooperate by a monetary penalty adding additional dollars to the amount he owes the

8    government.

9         Thus, incarceration for civil contempt is the only remaining alternative to compel Singh to

10   produce documents and provide testimony that he was ordered to provide.  Accordingly, Singh is

11   directed to appear before Judge Nunley to show cause why he should not at that time be

12   incarcerated for civil contempt until such time that he complies with the court's order.

13   It is crucial to note that Singh may purge himself of contempt and he may do so prior to, or even

14   after, his incarceration.  "Civil contempt is characterized by the court's desire to compel

15   obedience to a court order or to compensate the contemnor's adversary for the injuries which

16   result from the noncompliance."  *United States v. Bright*, 596 F.3d at 695-96 (quoting *Falstaff*

17   *Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778  (9th Cir. 1983)).  To purge himself of

18   contempt, Singh need only disclose the financial information sought by the underlying summons

19   and ordered produced by the court's July 21, 2015 order.  In that sense, as the Ninth Circuit has

20   previously explained, a party imprisoned for contempt "carries the keys of his prison in his own

21   pocket because civil contempt is intended to be remedial by coercing the defendant to do what he

22   had refused to do."  *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005).

23        C.    Fees and Costs

24        In addition to seeking imprisonment, the government also requests that Singh be ordered

25   to reimburse it the reasonable expenses it incurred in bringing its motion for an order to show

26   cause.  ECF No. 38-1 at 10.  "An award of attorney's fees for civil contempt is within the

27   discretion of the district court."  *Harcourt Brace Jovanovich Legal & Prof. Pub., Inc. v.*

28   *Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994); *see also Perry v. O'Donnell*, 759

9

1  F.2d 702, 704-705 (9th Cir. 1985) (holding that "civil contempt need not be willful to justify a

2  discretionary award of fees and expenses as a remedial measure.").

3       In determining whether a request for attorney's fees is reasonable, the court employs the

4  "lodestar" method.  Under this method, "a district court must start by determining how many

5  hours were reasonably expended on the litigation, and then multiply those hours by the prevailing

6  local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of*

7  *Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).  "In addition to computing a reasonable

8  number of hours, the district court must determine a reasonable hourly rate to use for attorneys

9  and paralegals in computing the lodestar amount." *Gonzalez v. City of Maywood*, 729 F.3d 1196,

10  1205 (9th Cir. 2013).  "The Supreme Court has consistently held that reasonable fees 'are to be

11  calculated according to the prevailing market rates in the relevant community.'" *Van Skike v.*

12  *Dir. Off. Of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009).

13       The government seeks $189.70 per hour for the six hours it expended in preparing and

14  filing its motion, but explains that it is likely to expend additional time and resources in order to

15  obtain Singh's compliance with the court's order. *Id*.

16       An award of attorney's fees as a remedial measure is appropriate to compensate the

17  government for Singh's deliberate disregard of this court's order.  However, given that the

18  government is unable to calculate the total amount of expenses incurred at this juncture,

19  determination of the amount to be awarded should be deferred until after these contempt

20  proceedings have been resolved.

21  IV.   Conclusion

22       For the reasons state above, it is hereby ORDERED that:

23       1.   Respondent Raghvendra Singh's request for issuance of an order directing the IRS to

24            show cause why the agency and its counsel should not be held in contempt (ECF No.

25            41) is denied.

26  /////

27  /////

28  /////

2.   Respondent Raghvendra Singh is ordered to appear before Judge Nunley on April 7, 2016 at 2:00 p.m. in Courtroom No. 2, to show cause why Singh should not be incarcerated for civil contempt until he fully complies with the court's July 21, 2015 order.

3.   Respondent Raghvendra Singh shall file no later than March 28, 2016, any evidence he may have to demonstrate that he has purged himself of contempt.

4.   Petitioner may file a response no later than March 31, 2016.

5.   Upon completion of these contempt proceedings, the government may renew its request for an award of fees and costs.

DATED: March 21, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE