UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>RAGHVENDRA SINGH,<br><br>Respondent. | No. 2:15-cv-287-TLN-EFB PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This petition to enforce an IRS summons is currently before the court on the government's motion for compensatory sanctions (ECF No. 74) and respondent Raghvendra Singh's motions to quash the summons (ECF No. 71) and to have his taxes reassessed (ECF No. 79).[1] For the following reasons, it is recommended that the government's motion be granted and Singh's motions be denied.[2]

I.  Background

On February 4, 2015, the United States filed a petition to enforce an IRS summons. ECF No. 1. According to the petition, Revenue Agent David Palmer was assigned to collect the

---

[1] The case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(9). *See* 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in the resolution of the motions, and the matters were ordered submitted on the briefs. *See* E.D. Cal. 230(g).

1

assessed federal income tax liabilities for Mr. Raghvendra Singh and his spouse, Ms. Rawat, for tax years 2008, 2009, and 2010. *Id*. ¶ 4. Agent Palmer issued an Internal Revenue Service summons directing Singh to appear before the agent to give testimony and produce for examination books, papers, records or other data relevant to Singh and Rawat's assessed tax liabilities. *Id*. ¶¶ 5, 8. Singh attended the scheduled hearing before Agent Palmer, but refused to provide any information or testimony. *Id*. ¶ 11.

On July 21, 2015, the court enforced the IRS summons and ordered Singh to appear before Agent Palmer to give testimony and produce documents for examination. ECF No. 32. Singh, however, continued to resist compliance with the IRS summons, which resulted in the court granting the government's application for an order directing Singh to appear before the court to show cause why he should not be held in contempt for failure to comply with the court's July 21, 2015 order.

After the hearing on the government's application, the undersigned issued Findings and Certification re: Civil Contempt, finding that Singh was in civil contempt of the court's July 21, 2015 order, and Singh was ordered to appear before the assigned district judge, Judge Nunley, to show cause why he should not be incarcerated for civil contempt until he fully complied with the court's July 21, 2015 order. ECF No. 48. The undersigned also found that an award of attorney's fees as a remedial measure was appropriate to compensate the government for Singh's deliberate disregard, but that the determination of the amount to be awarded should be deferred until after the contempt proceedings concluded. *Id*. at 9-10.

Singh appeared before Judge Nunley on April 7, 2016, ECF No. 54, and was found to be in civil contempt. ECF No. 64. He was ordered remanded into the custody of the United States Marshal until he complied with the court's order. Singh remained incarcerated until May 5, 2016, at which time he was released at the government's request to help facilitate complete compliance with the summons. ECF No. 64. On May 19, 2016, the court found that Singh was no longer in contempt. ECF No. 70.

The government now brings a motion for compensatory sanctions, which seeks $8,149.61 in costs and attorneys' fees expended by the government in its efforts to secure Singh's

compliance with the court's July 21, 2015 order.  ECF No. 74.  Also pending are Singh's motion to quash a summons (ECF No. 71) and motion "for an order requiring reconsideration of Taxes" (ECF No. 79).

II.     Government's Motion for Sanctions

 As previously explained in the Findings and Certification re: Civil Contempt, "[a]n award of attorney's fees for civil contempt is within the discretion of the district court." *Harcourt Brace Jovanovich Legal & Prof. Pub., Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994); *see also Perry v. O'Donnell*, 759 F.2d 702, 704-705 (9th Cir. 1985) (holding that "civil contempt need not be willful to justify a discretionary award of fees and expenses as a remedial measure.").  In determining whether a request for attorney's fees is reasonable, the court employs the "lodestar" method.  Under this method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).  "In addition to computing a reasonable number of hours, the district court must determine a reasonable hourly rate to use for attorneys and paralegals in computing the lodestar amount." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013).  "The Supreme Court has consistently held that reasonable fees 'are to be calculated according to the prevailing market rates in the relevant community.'" *Van Skike v. Dir. Off. Of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009).

The government seeks an hourly rate of $189.89 for twenty eight hours of time expended in securing Singh's compliance with the court's July 21, 2015 order.  In her declaration, Trial Attorney Nithya Senra of the Tax Division of the United States Department of Justice explains that she spent one hour drafting a letter to Singh regarding his failure to comply with the court's order; six hours preparing the government's Request for Entry of Order to Show Cause and four hours drafting a reply brief; one hour preparing for and attending the hearing on March 16, 2016; three hours drafting a response to various pleadings filed by Singh in which he argued that he had purged himself of contempt; one hour preparing for and attending the April 7, 2016 hearing before Judge Nunley; six hours preparing three status reports, which detailed the government's

efforts to obtain Singh's compliance while he was imprisoned; and three hours preparing for and attending a May 5 status conference and another 3 hours preparing for and attending a May 19 status conference.  Declaration of Nithya Senra (ECF No. 73).

The hours expended in completing the above tasks were necessary to obtain Singh's compliance with the court's order enforcing the IRS's summons.  Indeed, had Singh initially complied with the court's order, none of the tasks would have been necessary.  Accordingly, the court finds reasonable the number of hours expended by Ms. Senra.

Moreover, the government only seeks the adjusted hourly rate under the Equal Access to Justice Act, which is $189.89 for work performed in 2015.  This amount is reasonable for work performed in this district by an attorney with similar experience to that possessed by Ms. Senra, who has been employed by the Tax Division of the United States Department of Justice since October 2013.  *See* ECF No. 73; s*ee, e.g., Gauchat-Hargis v. Forest River, Inc.*, 2013 WL 4828594, at *10 (E.D. Cal. Sep. 9, 2013) (finding a rate of $200 per hour reasonable for a junior associate); *Lee-Tzu v. Dignity Health-Methodist Hosp. of Sacramento*, 2014 WL 5698448, at *3 (E.D. Cal. Nov. 4, 2014) (finding hourly rate of $200 reasonable for an attorney with approximately 2 years of experience).  Accordingly, the government should be awarded $5,316.92 in attorney's fees.

The government also seeks $2,832.69 in costs associated with attending hearings on March 16, April 7, May 5, and May 19, 2016.  The expenses for attending these hearings include airfare, rental car/taxi fee, fuel, parking, lodging, and meals and incidentals.  *See* ECF No. 73-1.  Such expenses are reimbursable as costs.  *See, e.g., Gibbs v. River Transp. Group, Inc.*, 2014 WL 204928, at *4 (D. Nev. Jan. 17, 2014) (awarding government costs for travel, lodging, and meals and incidental expenses).  Not only were these costs reasonably expended, they were necessitated by Singh's disregard of the court's order enforcing the IRS's summons.  Therefore, the government should also be awarded costs in the amount of $2,832.69, for a total award of $8,149.61.[3]

---

[3] Singh does not challenge the reasonableness of the requested fees.  Instead, in a hyperbole filled opposition—which the court has become accustomed to receiving from Singh—

4

III.     Singh's Motion to Quash

Singh filed a "Motion to Quash Summons," which argues that the "IRS should not issue summons again and again for the same information which is already provided . . . ." ECF No. 71. But another summons has not been issued. The government explains that the summons at issue in this action has already been enforced, and thus it is not clear what relief Singh's motion seeks. ECF No. 75 at 1.

Singh did not submit a copy of the purported summons he seeks to quash, and the court has already determined that he has now, sufficiently but belatedly complied with the IRS's summons to purge his contempt. As Singh has failed to demonstrate any basis for quashing a summons, his motion must be denied.

IV.     Singh's Motion to Reconsider Tax Assessment

Singh also filed a motion entitled "Motion for an order requiring reconsideration of Taxes." ECF No. 79. In his motion Singh argues that the IRS is attempting to collect $500,000 in tax liabilities from him, and that reconsideration of his tax liabilities is necessary to show that he owes a lesser amount. *Id.* at 1.

This is not Singh's first attempt to litigate his tax liabilities in this court. He previously filed an action in this court against the United States of America, seeking to challenge the IRS's assessment of his tax liabilities for multiple years. *See Singh v. United States*, 2:13-cv-780-TLN-EFB PS, ECF No. 36 (First Am. Compl.). In that case, Singh's claims were dismissed as barred by the Anti-Injunction Act. *Id.*, ECF Nos. 73, 84.

As was previously explained to Singh, "[a]ctions to enjoin the assessment of taxes by the IRS are narrowly limited by the Anti-Injunction Act." *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990). The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Where the plaintiff's claims are barred by the Anti-Injunction Act, the court is without jurisdiction to hear

---

he argues that the contempt proceedings were illegal. ECF No. 77. Singh, however, fails to demonstrate any error by this court.

5

the plaintiff's claims or grant relief.  *Life Science Church v. Internal Revenue Service*, 525 F. Supp. 399, 404 (N.D. Cal. 1981).

As Singh by now should know, this court is without jurisdiction to order the IRS to reassess his taxes.  Accordingly, Singh's motion must be denied.

V.   Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. The government's motion for compensatory sanctions (ECF No. 74) be granted and the government be awarded $5,316.92 in attorney's fees and $2,832.69 in costs, for a total award of $8,149.61.

2. Singh's motion to quash (ECF No. 71) be denied;

3. Singh's motion for an order requiring reconsideration of taxes (ECF No. 79) be denied; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE